John HARRIS, Jr., Appellant,

v.

UNITED STATES, Appellee.

No. 8566.

District of Columbia Court of Appeals.

Argued Dec. 4, 1974.

Decided April 20, 1976.

Kenneth J. Loewinger, Washington, D. C., appointed by this court, for appellant.

Paul N. Murphy, Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty., John A. Terry, Richard S. Vermeire and Henry F. Schuelke, III, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before FICKLING, YEAGLEY and HARRIS, Associate Judges.

YEAGLEY, Associate Judge:

In independent prosecutions, appellant was twice tried and twice found not guilty by reason of insanity of taking indecent liberties with a minor in violation of D.C. Code 1973, § 22–3501 [1] and confined to St. Elizabeths Hospital pending the mandatory *Bolton* [2] hearing, for the purpose of which the two criminal actions were consolidated. At the conclusion of that hearing he was committed to an indefinite period of psychiatric care at St. Elizabeths Hospital. At counsel's request pursuant to D.C.Code 1973, § 24–301(k), a second hearing was held five months later in June 1974, to consider the need for further confinement. The court again denied appellant's request for release on the ground that he had failed to prove that he was sane and no longer represented a danger to himself or others in the community. This appeal followed. We have reviewed the testimony and conclude that it was adequate to support the court's ruling. However, we do

not affirm due to the inadequacy of the findings of fact.

■ Appellant contends that the court erred since the uncontroverted testimony was that he was no longer mentally ill. The trial court was correct in holding that the burden of proof at the hearing was on the appellant. D.C.Code 1973, § 24–301(k) (3). Accordingly, the appellant must establish that he is both sane and not dangerous to himself or others. The testimony of the only expert witness, a psychiatrist and consultant at St. Elizabeths Hospital, was based primarily on a one-hour examination conducted the day before the hearing, but the witness had examined the defendant on seven other occasions. Apparently the one-hour examination was the sole contact between the psychiatrist and the appellant in the interim between the *Bolton* hearing and the proceeding now reviewed. His testimony was less than impressive in explaining the purported improvement in the appellant's mental health and was far short of being conclusive in this regard. *See United States v. Snyder,* 529 F.2d 871 (D. C. Cir. 1976); *United States v. McNeil,* 140 U.S.App.D.C. 228, 434 F.2d 502 (1970). Moreover, the witness testified explicitly that the appellant's personality was essentially unchanged and that his untamed addiction to alcohol and inability to control his antisocial conduct while under the influence of that substance would likely lead to further aberrant sexual acts with minors in the reasonably foreseeable future. Without more we cannot say that appellant carried his burden and we cannot conclude that the evidence was such as would have compelled the trial court to grant appellant's release. In *Ragsdale v. Overholser,* 108 U.S.App.D.C. 308, 312, 281 F.2d 943, 947 (1960), the Circuit Court said in an opinion by now Chief Justice Burger, then a circuit judge:

---

1. Appellant was also charged with first-degree burglary in connection with his second arrest.

2. *Bolton v. Harris,* 130 U.S.App.D.C. 1, 10, 395 F.2d 642, 651 (1968), held that under D.C.Code 1973, § 24–301 a person found not

guilty by reason of insanity cannot be committed to an indefinite period of psychiatric care unless he is first given a judicial hearing as prescribed by D.C.Code 1973, § 24–301(d), with procedures substantially similar to those in civil commitment proceedings.

A patient may have improved materially and appear to be a good prospect for restoration as a useful member of society; but if an "abnormal mental condition" renders him potentially dangerous, reasonable medical doubts or reasonable judicial doubts are to be resolved in favor of the public and in favor of the subject's safety. [Citation omitted.]

*See Overholser v. O'Beirne,* 112 U.S.App. D.C. 267, 302 F.2d 852 (1961); *Starr v. United States,* 105 U.S.App.D.C. 91, 264 F.2d 377 (1958), *cert. denied,* 359 U.S. 936, 79 S.Ct. 652, 3 L.Ed.2d 639 (1959).

■ We agree with the appellant, however, that the court's findings of fact are insufficient to permit affirmance of the order finding appellant not eligible for release. Findings of fact in a hearing of this kind are not only very useful on an appeal but in this proceeding were specifically called for by the statute. D.C.Code 1973, § 24–301(k).[3] The trial court's disposition of the case was limited to the following brief statements from the bench:

> THE COURT: I interpret and understand the statute to mean that at this stage with respect to each of these cases where we are beyond a *Bolton* hearing that the defendant must carry the burden of proof. He must establish by a fair preponderance of the evidence that he is no longer mentally ill and that he no longer represents a danger to himself or others in the community. As a result of the testimony that I have heard, I am not satisfied that that has been esta-

blished, and the defendant will be returned to St. Elizabeth's.

> .  .  .  .  .  .

> THE COURT: Well, I don't think it is quite as clear cut as you suggest, .  .  . as to the state of mental health of this defendant. The testimony which I heard which at least in part suggests that there is a difference now as opposed to January 8 was far from impressive, but I am not required to go into that. I am required to make the finding which I did and which I will adhere to.

■ While the testimony taken below provides a certain temptation to supply the missing findings by inference, on appeal we cannot supply our own evaluation of the evidence without improperly miscasting this court as a finder of fact. The lack of adequate findings prevents an affirmance.

■ We have been informed that subsequent to this appeal being noted appellant eloped from St. Elizabeths, fled this jurisdiction and was arrested a short time afterward for a criminal offense he allegedly committed subsequent to his escape. A hearing was held pursuant to D.C.Code 1973, § 24–301(a) in connection with the prosecution of that offense and appellant was found competent to stand trial.[4] That hearing being of a different nature than the one we now review under subsection (k), the determination of competency to stand trial does not render moot the issue he raises here that he is eligible for release in this case on the contention that he is no longer mentally ill and does not pose a danger to himself or the community. *See Lyles v. United States,* 103 U.S.App.D.C.

---

3. There is some dispute between the parties as to whether this hearing was brought under subsection (k) or subsection (e) of § 24–301. As the hearing was at appellant's request following the *Bolton* hearing and was not preceded by a certificate from the superintendent of the hospital, we conclude that subsection (k) controls. Identifying the type hearing is, in any event, of little significance to our disposition of this appeal. Even without a specific requirement like that found

in subsection (k), the court hearing a proceeding brought under § 24–301(e) should make such findings as are necessary to allow meaningful review on appeal. *United States v. McNeil, supra.*

4. The delay in finalizing this decision was occasioned largely by these developments, the effect of which was to remove the need for a reasonably prompt resolution of this case.

22, 26, 254 F.2d 725, 729 (1957), *cert. denied,* 356 U.S. 961, 78 S.Ct. 997, 2 L.Ed.2d 1067 (1958). Due to the length of time which has passed since the last hearing, appellant has, except for the pendency of this appeal, been possessed of the right under D.C.Code 1973, § 24-301(k) to institute new proceedings seeking a reexamination to determine whether he is eligible to be released from the commitment order entered at the close of the *Bolton* hearing.

As appellant's mental condition may have changed materially since the earlier hearing in this case, he should be allowed a full rehearing at his request in accordance with D.C.Code 1973, § 24-301(k) on return of the case to the Superior Court, and such further psychiatric examination as shall be deemed warranted.

*Remanded.*